**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Constellation Enterprises LLC,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 11-3829571 | ) | |
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **JFC Holding Corporation,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 91-1860312 | ) | |
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **The Jorgensen Forge Corporation,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 91-1561717 | ) | |
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **Columbus Holdings Inc.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 06-1678155 | ) | |
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **Columbus Steel Castings Company,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TAX I.D. No. 06-1678153 | ) | |

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Zero Corporation,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 30-0040538** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Zero Manufacturing, Inc.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 36-4488362** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Metal Technology Solutions, Inc.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 52-2337203** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Eclipse Manufacturing Co.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 52-2341493** | ) | |

RLF1 14482288v.2

|  |  |  |
|---|---|---|
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Steel Forming, Inc.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 52-2324995** | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") hereby submit this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, directing joint administration of their related chapter 11 cases.  In support of this Motion, the Debtors rely on the *Declaration of Timothy B. Stallkamp in Support of First Day Motions* (the "<u>Stallkamp Declaration</u>") filed contemporaneously herewith, and further respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

## BACKGROUND

3.      On May 16, 2016 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy</u>

RLF1 14482288v.2

Code"), thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Additional information regarding the Debtors' business and the background relating to events leading up to the Chapter 11 Cases can be found in the Stallkamp Declaration.  As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

4.      By this Motion, the Debtors seek entry of an order directing joint administration of the Chapter 11 Cases for procedural purposes only.  The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number 16-_____ (  ), and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Constellation Enterprises LLC,** *et al.,*[1] | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are:  Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995).  The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ  07677.

5.      The Debtors also request that an entry be made on the docket of each of the Chapter 11 Cases, other than that of Constellation Enterprises LLC, in a form substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Constellation Enterprises LLC, JFC Holding Corporation, The Jorgensen Forge Corporation, Columbus Holdings Inc., Columbus Steel Castings Company, Zero Corporation, Zero Manufacturing, Inc., Metal Technology Solutions, Inc., Eclipse Manufacturing Co. and Steel Forming, Inc.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 16-_____ (___).

## BASIS FOR RELIEF

6.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

7.      In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

8.    The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.  Entering an order directing joint administration of the Chapter 11 Cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense.  Joint administration also will enable parties in interest in each of the Chapter 11 Cases to be apprised of the various matters before the Court in all of these cases.

9.    Furthermore, because these cases involve hundreds of potential creditors, the entry of an order of joint administration will:  (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate Chapter 11 Cases.  Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Chapter 11 Cases for procedural purposes only.

10.    As set forth above and in the Stallkamp Declaration, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

## NOTICE

11.    The Debtors shall provide notice of this Motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the thirty (30) largest unsecured claims on a consolidated basis; (c) the Roll-Up DIP Lenders; (d) the DIP Lenders; (e) the DIP Agent; and (f) all parties entitled to notice pursuant to Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the

6

relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

12.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Stallkamp Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) authorizing the joint administration of the Chapter 11 Cases, and (b) granting such other and further relief as is just and proper.

Dated: May 17, 2016
            Wilmington, Delaware

Respectfully submitted,

 *Daniel J. DeFranceschi*
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Rachel L. Biblo (No. 6012)
Joseph C. Barsalona II (No. 6102)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

Adam C. Rogoff
Joseph A. Shifer
KRAMER LEVIN NAFTALIS & FRANKEL LLP
177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Proposed Attorneys for the Debtors and
Debtors-in-Possession*

RLF1 14482288v.2

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Constellation Enterprises LLC, | Case No. 16-_____ (_____) |
| Debtor. | |
| TAX I.D. No. 11-3829571 | |
| In re: | Chapter 11 |
| JFC Holding Corporation, | Case No. 16-_____ (_____) |
| Debtor. | |
| TAX I.D. No. 91-1860312 | |
| In re: | Chapter 11 |
| The Jorgensen Forge Corporation, | Case No. 16-_____ (_____) |
| Debtor. | |
| TAX I.D. No. 91-1561717 | |
| In re: | Chapter 11 |
| Columbus Holdings Inc., | Case No. 16-_____ (_____) |
| Debtor. | |
| TAX I.D. No. 06-1678155 | |
| In re: | Chapter 11 |
| Columbus Steel Castings Company, | Case No. 16-_____ (_____) |
| Debtor. | |
| TAX I.D. No. 06-1678153 | |

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Zero Corporation,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 30-0040538** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Zero Manufacturing, Inc.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 36-4488362** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Metal Technology Solutions, Inc.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 52-2337203** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Eclipse Manufacturing Co.,** | ) | **Case No. 16-_____ (_____)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **TAX I.D. No. 52-2341493** | ) | |

2

|  | ) |  |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
|  | ) |  |
| **Steel Forming, Inc.,** | ) | **Case No. 16-_____ (_____)** |
|  | ) |  |
| **Debtor.** | ) |  |
|  | ) |  |
| **TAX I.D. No. 52-2324995** | ) |  |

**ORDER DIRECTING JOINT ADMINISTRATION
OF THE DEBTORS' RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' related chapter 11 cases; and upon the Stallkamp Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-_____ (___).

3.     The consolidated caption of the jointly administered cases should read as follows:

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Motion.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | |
| **Constellation Enterprises LLC, *et al.*,**[1] | ) | **Case No. 11-_____ (_____)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

---

[1]  The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are:  Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995).  The debtors' mailing address is located at 50 Tice Boulevard, Suite 340, Woodcliff Lakes, NJ  07677.

4.    An entry shall be made on the docket of each of the Debtors' cases, other than that of Constellation Enterprises LLC, in a form substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Constellation Enterprises LLC, JFC Holding Corporation, The Jorgensen Forge Corporation, Columbus Holdings Inc., Columbus Steel Castings Company, Zero Corporation, Zero Manufacturing, Inc., Metal Technology Solutions, Inc., Eclipse Manufacturing Co. and Steel Forming, Inc.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 16-_____ (____).

5.    All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 16-_____ (____).

6.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Chapter 11 Cases.

7.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      Any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2016
        Wilmington, Delaware                    _____
                                                UNITED STATES BANKRUPTCY JUDGE

RLF1 14482288v.2